# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1334 | **DATE** | March 5, 2012 |
| **CASE TITLE** | Derek Sorg (#R-28259) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $9.95 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. On the court's own motion, Michael Randle is dismissed as a defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summons for service on defendant Marcus Hardy only. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel (Doc [4]) is denied without prejudice.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by a cellmate even after the plaintiff reported that the cellmate had manufactured a makeshift knife.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.95. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, attn: Cashier's Desk, 20th Floor, 219 S. Dearborn St., Chicago, Illinois 60604, and shall clearly identify the plaintiff's name and this case number.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court must conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against the defendants except as discussed below. The Eighth Amendment "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (internal citations omitted). The obligation to protect encompasses a duty "to protect prisoners from violence at the hands of other prisoners." *Brown*, 398 F.3d at 909; *Farmer*, 511 U.S. at 834. While it should be noted that "an unfortunate random act of violence in a prison . . . does not impose liability on prison officials," *see Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002), the plaintiff contends that correctional officers refused to take any action–or even listen to him–when he tried to tell them that his cellmate was arming himself and that he was in danger.

The complaint is dismissed on initial review as to Michael Randle, the Director of the Illinois Department of Corrections. The plaintiff has alleged no facts suggesting Randle's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Randle's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988)). Because the plaintiff has failed to state any facts indicating that Randle was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, Randle is dismissed as a defendant in this matter.

For the same reasons, the plaintiff has no viable claim against Stateville Warden Marcus Hardy. However, Hardy will remain as a defendant solely for the purpose of identifying the "John Doe" officers whom the plaintiff allegedly approached about his cellmate. In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v.*
**(CONTINUED)**

| STATEMENT (continued) |
|---|

*Ind. Dep't of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

      Once the plaintiff has obtained service on defendant Hardy and an attorney has entered an appearance on Hardy's behalf, the plaintiff may send interrogatories (i.e., a list of questions) to defense counsel eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the defendants in interest and Hardy will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions and should therefore attempt to identify the John Doe officers as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

      The clerk shall issue summons forthwith for service on defendant Hardy. The United States Marshals Service is appointed to serve Warden Hardy. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve Hardy with process. The Marshal is authorized to mail a request for waiver of service to Hardy in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants (or to defense counsel, once an attorney has entered an appearance on behalf of the defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

      Finally, the plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant requests appointment of counsel, the court first considers whether the indigent plaintiff has made reasonable attempts to secure counsel on his own or has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court evaluates the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* N.D. Ill. Local Rule 83.36(c) (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

| STATEMENT (continued) |
|---|

After considering the factors above, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose initial submissions are coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.