# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1334 | **DATE** | September 11, 2012 |
| **CASE TITLE** | Derek Sorg (#R-28259) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file a second amended complaint (Doc [25]) is denied. On the court's own motion, the plaintiff is ordered to show good cause in writing why this case should not be dismissed as effectively time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of this lawsuit. The status conference previously scheduled for September 12, 2012, at 9:30 a.m. is vacated.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by a cellmate even after the plaintiff reported that the cellmate had manufactured a makeshift knife. This matter is before the court for ruling on the plaintiff's motion for leave to file a second amended complaint naming the "John Doe" officers in question.

The motion is denied. The court does not permit piecemeal amendments. All claims against all defendants must be set forth in one document. A second amended complaint must stand complete on its own, without reference to prior pleadings.

But amendment, in any event, would appear to be futile, as any cause of action against the John Doe officers would seem to be time-barred. As the court advised the plaintiff in its Minute Order of March 5, 2012, there is a two-year statute of limitations for Section 1983 actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).

**(CONTINUED)**

mjm

**STATEMENT (continued)**

As the court additionally alerted the plaintiff, he cannot avail himself of Rule 15(c)'s provisions allowing for "relation back" to the original complaint. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012) (Guzmán, J.). Unfortunately, the plaintiff filed suit just one month before the statute of limitations expired. Because the plaintiff waited until the eleventh hour to commence this action, it would now appear to be too late to pursue a civil rights action against the officers.

For the foregoing reasons, the plaintiff is ordered to show good cause in writing why this suit should not be dismissed as effectively time-barred. Failure to show cause within twenty-one days will result in summary dismissal of this action. As this suit was initiated in a timely manner but would seem to now be time-barred as a practical matter, no "strike" will be assessed under 28 U.S.C. § 1915(g).