# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1334 | **DATE** | October 23, 2012 |
| **CASE TITLE** | Derek Sorg (#R-28259) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

This case is summarily dismissed as effectively time-barred. The clerk is directed to enter final judgment. As this suit was timely filed but is barred as a practical matter, no "strike" is assessed under 28 U.S.C. § 1915(g).

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by a cellmate even after the plaintiff reported that the cellmate had manufactured a makeshift knife.

By Minute Order of September 11, 2012, the court denied the plaintiff's motion for leave to file a second amended complaint naming the "John Doe" officers in question and ordered him to show cause why this case should not be dismissed as effectively time-barred. Having considered the plaintiff's response, the court remains satisfied that the case must be dismissed.

Amendment at this time to name the John Doe officers in question is futile. As the court advised the plaintiff in its Minute Order of March 5, 2012, there is a two-year statute of limitations for Section 1983 actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.).

As the court additionally alerted the plaintiff, he cannot avail himself of Rule 15(c)'s provisions allowing for "relation back" to the original complaint. In this circuit, a plaintiff cannot invoke the relation back principles
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012) (Guzmán, J.). Unfortunately, the plaintiff filed suit just one month before the statute of limitations expired. Because the plaintiff waited until the eleventh hour to commence this action, it is now too late to pursue a civil rights action against the officers.

For the foregoing reasons, the case is dismissed as effectively time-barred. As this suit was initiated in a timely manner but is now time-barred as a practical matter, no "strike" will be assessed under 28 U.S.C. § 1915(g). The case is terminated.